**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTTINE ANDERSON,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-0048 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **UNITED STATES MARSHALS,** | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM AND ORDER**

**I.      Introduction**

Petitioner, Anttine Anderson, an inmate at the United States Penitentiary in Allenwood, Pennsylvania, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction in the United States District Court for the Western District of Virginia. Named as respondents are the United States Marshals. Petitioner, who pleaded guilty to one drug charge, contends that the United States Marshals are unlawfully detaining him as a result of an invalid conviction and sentence in the district court.

Because Petitioner has not shown that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, the petition will be summarily dismissed.[1]

**II.     Background**

In May 2005, Petitioner entered into a negotiated plea agreement in which he pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute in excess

---

[1] Because the petition will be dismissed on the ground that § 2241 is not an available remedial device, there is no need to provide the notice specified in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), before disposing of the petition.

of fifty (50) grams of mixture and substance containing cocaine base, otherwise known as crack cocaine, in violation of 21 U.S.C. §§ 846 and 841.  (See Doc. 1 at 3.)  On March 23, 2006, the United States District Court for the Western District of Virginia sentenced Petitioner to 135 months incarceration on that count.

In his petition, Petitioner contends that the judgment and sentence of the district court is invalid, and, in support, asserts several facts.  First, Petitioner claims that after he signed the plea agreement, the United States Attorney assigned to the case constructively amended the indictment by adding to it an additional amount of cocaine base for a total amount which was not considered by the grand jury, thus rendering his indictment null and void.  Second, Petitioner claims the district court committed error and abused its discretion when it imposed a sentence based on the amount set forth by the United States Attorney.  In addition, Petitioner contends that the district court was without jurisdiction in imposing such a sentence without first resubmitting to the grand jury the amended indictment.  As to the respondents named in the instant petition, Petitioner contends that United States Marshals failed to properly execute and return the judgment and commitment order to the district court, thereby rendering his judgment and commitment order null and void.  As a result of this alleged null and void indictment, judgment and commitment order, Petitioner claims that the United States Marshals are unlawfully detaining him and requests this Court grant him immediate release.

Petitioner has not indicated that he pursued a direct appeal under 28 U.S.C. § 2255.  In addition, Petitioner has not alleged that a § 2255 motion is inadequate or ineffective to test the legality of his detention.  See 28 U.S.C. § 2255 ¶ 5.

**III.      Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A challenge to a federal criminal defendant's conviction or sentence, as in the instant case, is most appropriately brought as a motion pursuant to 28 U.S.C. § 2255.  E.g., United States v. Addonizio, 442 U.S. 178, 185 (1979).  "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a § 2255 motion.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Indeed, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.  Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," 28 U.S.C. § 2255, may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.  Additionally, the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam).  "It has long been the rule in this circuit that 'the remedy by motion [under § 2255] can be "inadequate or ineffective to test the legality of . . . detention" only if it can be shown that some limitation of scope or procedure would prevent a Section 2255

proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (citing United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 638 (3d Cir. 2000) (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

In the present case, Petitioner does not indicate that he previously submitted a timely § 2255 motion to the sentencing court. From the record, it appears that the one-year time limitation for doing so has not expired. Moreover, importantly, Petitioner offers no explanation or reasoning as to why his instant claims could not have been timely brought under § 2255.[2, 3]

---

[2] At the conclusion of his petition, Petitioner states, "Wherefore, as shown above, is a fundamental miscarriage of justice to one actually innocent." (Doc. 1 at 9.) The Court can only assume that this conclusory statement, which is not supported by any claims in the petition, is a reference to the narrow exception outlined in In re Dorsainvil, 119 F.3d 245 (3d. Cir. 1997), in which § 2241 relief would be available. In Dorsainvil, the Third Circuit held that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Id. at 251. Petitioner has not claimed that a change in substantive law has made him innocent of the federal charges against him. Therefore, under the exception outlined in Dorsainvil, § 2241 relief is not an available remedial device for him.

[3] Petitioner previously filed a habeas petition pursuant to 28 U.S.C. § 2241 in this Court on September 5, 2006. (1:06-CV-01734.) In that case, Petitioner supplemented his petition with the plea agreement, (1:06-CV-01734, Doc. 6 at 5-14), in which Petitioner voluntarily waived his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255. (Id. at 9.) In light of that waiver, Petitioner argued that any remedy under § 2255 was rendered inadequate and ineffective. However, as the Court concluded in its memorandum and Order denying the petition, the fact that Petitioner may have voluntarily waived the right to bring a § 2255 motion does not mean that the remedy itself is inadequate

Nor has Petitioner satisfied his burden of alleging or demonstrating inadequacy or ineffectiveness. In fact, nothing in the petition speaks to a claim of inadequacy or ineffectiveness, as set forth in 28 U.S.C. § 2255.

Since Petitioner has made no showing that § 2255 is inadequate or ineffective to test the legality of Petitioner's conviction, the Court will dismiss this § 2241 petition for lack of jurisdiction. Of course, dismissal has no effect on Petitioner's right to file a § 2255 motion in the Western District of Virginia. As just noted, there is no jurisdictional bar to his doing so since any § 2255 motion he may file would not be a second or successive one. The motion may be untimely, but the statute of limitations is an affirmative defense that must be raised by the government, see United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005), or by the court, if it decides to do so sua sponte. Id. at 166.

**IV.   Conclusion**

Based on the foregoing discussion, Petitioner's petition for writ of habeas corpus will be dismissed for lack of jurisdiction.

An appropriate Order follows.

---

or ineffective. (1:06-CV-01734, Doc. 12 at 3-4.)

**V.**     **Order**

**AND NOW**, this 25th day of April, 2007, it is hereby **ORDERED** that:

1. Petitioner's motion to supplement the original pleadings with an exhibit (Doc. 6) is **GRANTED**.

2. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**.

3. The Clerk of Court is directed to **CLOSE** this case.

4. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

> s/ Yvette Kane
> YVETTE KANE, Chief Judge
> United States District Court